**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 3 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Respondent-Appellee,

v.

JOHN J. PAPPERT,

Petitioner-Appellant.

No.  00-3075
(D.C. No. 98-CV-3137-KHV)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

On October 25, 1994, petitioner John J. Pappert was convicted by a jury

of three counts of mail fraud, four counts of wire fraud, and two counts of

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

submitting false documents to a federally insured financial institution. See 18 U.S.C. §§ 1341, 1343, 1014. He was sentenced by the Honorable Kathryn H. Vratil on February 21, 1995, to sixty months' imprisonment on one of those counts and ninety-seven months' imprisonment on each of the remaining eight counts. No fine was imposed, but petitioner was ordered to pay his numerous victims a total of several million dollars in restitution. His conviction and sentence were affirmed on appeal. See United States v. Pappert, 112 F.3d 1073 (10th Cir. 1997). After his appeal was decided, petitioner filed a motion for new trial.

While the case was on direct appeal, Judge Vratil learned that her staff member who was responsible for screening her cases for conflicts from investments in an IRA had not been doing so. Judge Vratil surveyed her pending and closed cases for previously unknown conflicts. Judge Vratil immediately divested herself of the stock in her IRA and transferred the money to mutual funds, eliminating any conflict.

Petitioner moved to amend his motion for new trial to include the argument that Judge Vratil should have recused in this case pursuant to 28 U.S.C. § 455 because of her financial interest in a company related to one of the corporate victims that would be paid restitution under his sentence. Judge Vratil denied petitioner's motion for a new trial, rejecting his argument that she should recuse.

-2-

Petitioner did not appeal this ruling.     See R. Doc. 125.  Petitioner then filed this motion for habeas relief under 28 U.S.C. § 2255, arguing again that Judge Vratil should recuse and raising several other issues.  Judge Vratil denied habeas relief, but granted a certificate of appealability (COA) on petitioner's argument that she should disqualify herself under § 455.     See R. Doc. 151.  We have jurisdiction over the appeal under 28 U.S.C. § 2253(a).

The denial of a motion to recuse under § 455(a) or (b) is reviewed for abuse of discretion.   See United States v. Bailey   , 175 F.3d 966, 968 (11th Cir. 1999).  "A judge has a continuing duty to recuse under § 455(a) if sufficient factual grounds exist to cause a reasonable, objective person, knowing all the relevant facts, to question the judge's impartiality."     United States v. Pearson   , 203 F.3d 1243, 1277 (10th Cir.),   cert. denied , 120 S. Ct. 2734 (2000).  "[Section] 455(a) expands the protection of § 455(b), but duplicates some of its protection as well." Liteky v. United States   , 510 U.S. 540, 552 (1994).  However, where the language of § 455 specifically limits the requirements of recusal, the specific language limits the scope of § 455(a).     See id. at 552-53.

There are two questions before us.  First, whether petitioner is entitled to a new trial because Judge Vratil should have recused herself.  Second, whether Judge Vratil should have recused herself from the proceeding that followed the discovery of her conflict.  We conclude that a new trial is not required and that

-3-

Judge Vratil did not need to recuse herself after her discovery of her conflict. Judge Vratil acknowledged that at the time of petitioner's sentencing, she owned shares in General Electric Company, a corporate relative of General Electric Capital Leasing, one of petitioner's victims. See R. Doc. 151, at 3. Thus, she concluded that she arguably had a financial interest in the subject matter of petitioner's criminal proceeding within the meaning of § 455(b)(4). See id. She said that she did not know that she owned those shares at the time of petitioner's trial and sentencing, however, and that she had divested herself of them by the time petitioner raised the issue in a motion for new trial filed after his direct appeal was decided against him. See id. at 2, 3 & n.1.

Judge Vratil was not obligated to recuse herself when she was unaware of her conflict. Section 455(b)(4) mandates that the judge have knowledge of the financial interest before she is obliged to recuse herself. See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 859 (1988) (section 455(b)(4) requires scienter). Petitioner is not entitled to a new trial when the judge was unaware of the conflict at the time. See Union Carbide Corp. v. U.S. Cutting Serv., Inc., 782 F.2d 710, 714 (7th Cir. 1986).

By the time the motion for new trial and the section 2255 motion came before Judge Vratil, she had divested herself of the stock that created the conflict. Therefore, § 455(b)(4) no longer applied. Judge Vratil's prompt divestment

prevented her from having to recuse. This is supported by 28 U.S.C. § 455(f), which provides that

> if a judge, after substantial judicial time had been devoted to a matter, discovers or is apprised that she has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the judge divests herself of that financial interest.

United States v. O'Keefe, 169 F.3d 281, 284 n.3 (5th Cir. 1999); see also Baldwin Hardware Corp. v. Franksu Enter. Corp., 78 F.3d 550, 556 (Fed. Cir. 1996). Thus, even if Judge Vratil's shares had been in a party, recusal was not necessary because she divested herself of her shares. Petitioner has not shown that Judge Vratil's interest in General Electric Company could have been substantially affected by the restitution order in favor of General Electric Capital Leasing. Judge Vratil therefore did not abuse her discretion in declining to recuse.

Petitioner has moved for leave to raise issues outside the scope of the grant of COA. We agree with the district court that none of his issues rise to the level of constitutional error, see 28 U.S.C. § 2253(c)(2), and we affirm the district court's denial of COA on these issues. Petitioner's motion is denied.

Petitioner has also moved to supplement his brief to add an argument that his sentence violates the Supreme Court's recent decision in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). We construe a pro se petitioner's pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). We

understand petitioner's argument to be that the district court's calculation of loss resulting from the fraud improperly increased his sentence of imprisonment. The rule of Apprendi is that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See 120 S. Ct. at 2362-63. Because petitioner's sentence of imprisonment is within the statutory maximum for each conviction, Apprendi does not apply. See United States v. Hishaw, No. 99-6258, 2000 WL 1862788, at *9 (10th Cir. Dec. 20, 2000). Petitioner's motion to supplement is therefore denied.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge